1  RUSSELL B. HILL, Cal. Bar No. 190070
   rhill@sheppardmullin.com
2  STEVEN M. HANLE, Cal. Bar No. 168876
   shanle@sheppardmullin.com
3  Ryan E. Lindsey, Cal. Bar No. 235073
   rlindsey@sheppardmullin.com
4  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   650 Town Center Drive, 4th Floor
5  Costa Mesa, California 92626
   Telephone: 714-513-5100
6  Facsimile: 714-513-5130

7  Attorneys for Plaintiff
   IMAGINAL SYSTEMATICS, LLC
8

9
              UNITED STATES DISTRICT COURT
10
              CENTRAL DISTRICT OF CALIFORNIA
11
                    WESTERN DIVISION
12

IMAGINAL SYSTEMATIC, LLC,           Case No. CV10-07416 RGK (SSx)

    Plaintiff,                      [PROPOSED] STIPULATED
                                    PROTECTIVE ORDER
    v.
                                    [Discovery Document: Referred to
LEGGETT & PLATT, INC.;              Magistrate Judge Suzanne H. Segal]
SIMMONS BEDDING COMPANY;
and DOES 1 through 10, inclusive,

    Defendants.

        Plaintiff Imaginal Systematic, LLC ("Imaginal") and Defendants Leggett & Platt, Incorporated and Simmons Bedding Company (collectively "Defendants") stipulate to the following protective order to govern discovery and pretrial proceedings and settlement negotiations in this action.

                    GOOD CAUSE STATEMENT

        This case involves the alleged infringement of three patents relating to automatic stapling machines and methods used to manufacture box springs. The parties are competitors with respect to the technology at issue. As such, the parties have non-public, confidential, proprietary and/or trade secret information relating to

W02-WEST:3SMH1\403128630.2                -1-

the technology, as well as business plans, customers, and financial information relating to the use of the technology ("Confidential Information"). Release of this Confidential Information to the public is likely to harm the parties' business interests. Certain of the Confidential Information is highly sensitive such that release of this information to a competitor is highly likely to harm the business and competitive interests of the disclosing party and put the disclosing party at a competitive disadvantage ("Highly Confidential Information"). Certain of the Highly Confidential Information is highly sensitive technological information such that release of this information to a person involved in the prosecution of patents for a competitor where such patents are in the field of automatic stapling machines and methods used to manufacture box springs is highly likely to harm the business and competitive interests of the disclosing party and put the disclosing party at a competitive disadvantage ("Highly Confidential – Patent Prosecution Bar Information").

The parties have jointly drafted this proposed protective order, which the parties respectfully seek to be entered by the Court, in order to prevent harmful disclosure of their confidential and sensitive business and technical information, while balancing the public's right to acquire information that properly falls outside the scope of the parties' protectable, confidential interests. The parties agree that adoption and adherence to this Protective Order will facilitate an orderly and cost-effective discovery process and preparation for trial or settlement and that the Confidential Information will not be used for any purpose that is not directly related to this litigation.

IT IS HEREBY ORDERED that:

1. This Order shall apply to all information produced during discovery and settlement negotiations in this action that is designated by the party or person producing as "Confidential," "Highly Confidential," or "Highly Confidential – Patent Prosecution Bar" (collectively "Confidential Information"). This Order shall not apply to information that, before such disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legally acquired from a source not subject to this Order.

2. If an exhibit; pleading; interrogatory answer; or admission (collectively "discovery response"); document or thing; or a deposition transcript; other transcript of testimony; or declaration or affidavit (collectively "testimony") contains information considered confidential by a party, such exhibit, pleading, discovery response, document or thing, or testimony shall be designated "Confidential," "Highly Confidential," or "Highly Confidential – Patent Prosecution Bar" by the party contending it contains Confidential Information.

3. In connection with an exhibit, pleading, discovery response, document; or thing, testimony or other court submission, the legend "Confidential," "Highly Confidential," or "Highly Confidential – Patent Prosecution Bar" shall be affixed before the production or service upon a party.

4. As a general guideline, a document should be designated "Confidential" when it contains confidential technical or other information that may be reviewed by the individuals affiliated with the receiving party with a need to know, technical experts, and other party representatives, but must be protected against disclosure to third parties or to the general public. A document may be designated "Highly Confidential" only when it contains highly sensitive

1  information, not publicly available or readily ascertained through public means, that
2  if disclosed would put the producing party at a competitive disadvantage. A
3  document may be designated "Highly Confidential – Patent Prosecution Bar" only
4  when it contains Highly Confidential information of a technological nature that
5  could be used to prepare or prosecute patents in the field of automatic stapling
6  machines and methods used to manufacture box springs.
7      5.   All Confidential Information that has been obtained from a party during
8  the course of this proceeding shall be used only for the purpose of this litigation or
9  reexamination of any patent asserted in this litigation and not for any other business
10 purpose, proceeding, litigation, or other purpose whatsoever. Such information may
11 not be disclosed to anyone except as provided in this Order. Counsel for a party
12 may give advice and opinions to their client based on evaluation of information
13 produced by the other party and designated as "Highly Confidential" or "Highly
14 Confidential – Patent Prosecution Bar" provided that such rendering of advice and
15 opinions shall not reveal the content of such information except by prior agreement
16 with opposing counsel.
17     6.   Except as otherwise agreed in writing, all documents, or any portion
18 thereof, produced for inspection only (i.e., copies have not yet been provided to the
19 receiving party) shall be deemed "Highly Confidential." If a copy of any such
20 document is requested after inspection, the document shall be deemed
21 "Confidential," "Highly Confidential," or "Highly Confidential – Patent
22 Prosecution Bar" only if labeled or marked in conformity with Paragraph 3, with
23 access and dissemination limited as set forth in Paragraphs 10-13.
24     7.   Information disclosed or discussed at a deposition or other testimony,
25 including exhibits, may be designated as "Confidential," "Highly Confidential," or
26 "Highly Confidential – Patent Prosecution Bar" at the time of the testimony or
27 deposition and shall be subject to the provisions of this Order. Whenever any
28

1  Confidential Information is to be discussed or disclosed in a deposition, any party
2  claiming such confidentiality may exclude from the room any person not entitled to
3  receive such confidential information pursuant to the terms of this Order. If a party
4  designates an entire deposition as "Confidential," "Highly Confidential," or
5  "Highly Confidential – Patent Prosecution Bar", that party shall, within 14 days
6  after receipt of the transcript, notify the other parties of the specific pages of the
7  transcript that should remain so designated. If no such notification is received
8  within 14 days, the transcript shall not be deemed ""Confidential," "Highly
9  Confidential," or "Highly Confidential – Patent Prosecution Bar" unless a party
10 provides such notification thereafter. The following legend shall be placed on the
11 front of any deposition transcript (and, if videotaped, any copies of the videotape)
12 containing Confidential Information, Highly Confidential Information, or Highly
13 Confidential – Patent Prosecution Bar Information:

> Contains CONFIDENTIAL INFORMATION. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL INFORMATION is included.

or

> Contains HIGHLY CONFIDENTIAL INFORMATION. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose HIGHLY CONFIDENTIAL INFORMATION is included.

or

> Contains HIGHLY CONFIDENTIAL – PATENT PROSECUTION BAR INFORMATION. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose HIGHLY

CONFIDENTIAL – PATENT PROSECUTION BAR INFORMATION is included.

8. The parties acknowledge that this Stipulated Protective Order creates no entitlement to file Confidential or Highly Confidential (including Highly Confidential – Patent Prosecution Bar) information under seal; the applicable Federal Rules, local rules (including Local Rule 79-5) and other applicable Federal or State statutory law and rules shall be followed in the event a party seeks permission from the Court to file material under seal, seal a trial or hearing in this matter, or otherwise restrict non-party access to these proceedings.

9. As used in this Protective Order, "Trial Counsel" refers exclusively to the following:

    a. For Plaintiff: The attorneys, paralegals, agents and support staff of Sheppard Mullin Richter & Hampton and local counsel if local counsel is retained.

    b. For Defendants: The attorneys, paralegals, agents and support staff of Haynes and Boone, LLP and local counsel if local counsel is retained.

10. Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below:

    a. no more than three (per party) officers, directors, or designated employees of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action; provided that such person has reviewed this Protective Order and has signed the undertaking as set forth in Paragraph 12.

    b. independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution,

defense, or settlement of this action, subject to the provisions of Paragraph 13;

c. court reporter(s) employed in this action;

d. agents of Trial Counsel needed to perform various services such as, for example, copying of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

e. any individual who was the author or an authorized recipient of a document, regardless of its designation;

f. any other persons as to whom the parties in writing agree;

g. provided, however, no material designated by Simmons Bedding Company as "Confidential" shall be disclosed to Paul Leber.

11. Material designated as "Highly Confidential" or "Highly Confidential – Patent Prosecution Bar" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party (subject to the prosecution bar in Subparagraph 11.f below), and to the persons designated below:

a. one designated officer or employee of each party and two in-house counsel for each party (provided that each such person has reviewed this Protective Order and has signed the undertaking as set forth in Paragraph 12);

b. independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action, subject to the provisions of Paragraph 13;

c. court reporter(s) employed in this action;

d. agents of Trial Counsel needed to perform various services such as, for example, copying of exhibits, and support and management services, including vendors retained by the parties, or by counsel for the parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designed Highly Confidential;

e. any individual who was the author or an authorized recipient of a document, regardless of its designation;

f. any other persons as to whom the parties in writing agree.

g. provided, however, any person who receives "Highly Confidential – Patent Prosecution Bar" information shall not participate in any way (including but not limited to participating in a supervisory capacity) in the prosecution or preparation of any application for patents (but excluding reexamination proceedings) on behalf of any party to this action (or any entity or person in privity with such party) relating to automatic stapling machines and methods used to secure spring modules to wooden or other frames (as distinguished from the actual manufacture or design of spring modules), or advise any client

concerning strategies for obtaining or preserving patent rights in such field, from the time of receipt of such information through and including two (2) years following the complete termination of this action by either entry of a final, non-appealable judgment or order, the complete settlement of all claims against all parties in this action, or any other means; and

h. further provided, however, no material designated by Simmons Bedding Company as "Highly Confidential" or "Highly Confidential – Patent Prosecution Bar" shall be disclosed to Paul Leber.

12. Any officer, director or designated employee of any party under Subparagraph 10.a or 11.a having access to Confidential Information, Highly Confidential Information, or Highly Confidential – Patent Prosecution Bar Information shall be given a copy of this Order before being shown such information, and its provisions shall be explained to them by an attorney. Each person, before having access to such information, shall acknowledge in writing his or her obligation to be bound by the terms of this Order by signing a document in the form of Exhibit A attached hereto.

13. For the purpose of this Protective Order an independent expert or consultant shall be defined as a person, who is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation by or at the direction of counsel of a party. The procedure for having an independent expert or consultant approved for access to information designated as "Confidential," "Highly Confidential," or "Highly Confidential – Patent Prosecution Bar" shall be as follows:

a. The party seeking to have an independent expert or consultant, as defined in Paragraph 13, approved shall provide the other parties with:

    (1) The name of the expert or consultant;

    (2) The present employer and title of the expert or consultant;

    (3) An up-to-date curriculum vitae; and

    (4) A written acknowledgment in the form of Exhibit A attached hereto, signed by the person for whom approval is sought, that the person has read this Stipulated Protective Order and agrees to be bound by its terms.

b. Within seven (7) calendar days after delivery of a copy of the information and the written acknowledgment described in Subparagraph 13.a, the other party may object to the disclosure of Confidential, Highly Confidential, or Highly Confidential – Patent Prosecution Bar Information to the expert or consultant proposed for approval. Such objection shall specify in writing good faith reasons for the objection and shall identify the Confidential, Highly Confidential, or Highly Confidential – Patent Prosecution Bar Information, the discosure of which is objected to. Failure to so object within seven (7) calendar days shall be deemed approval of disclosure of Confidential, Highly Confidential, or Highly Confidential – Patent Prosecution Bar Information, but shall not preclude a producing party from later objecting to continued access by the expert or consultant where facts suggesting a basis for objection are subsequently learned by the objecting party or its counsel. If objection is made, the "Confidential," "Highly Confidential," or "Highly Confidential – Patent Prosecution Bar" Information shall not be disclosed to the designated person except

by order of the Court, agreement by the parties or failure to file a timely motion pursuant to Subparagraph 13.c.

c. If the parties are unable to reach agreement over the disclosure of material and information designated as "Confidential," "Highly Confidential," or "Highly Confidential – Patent Prosecution Bar" to the designated expert or consultant: either party may request by motion that the Court issue an order permitting or precluding the disclosure of such material and information to the designated person; barring exigent circumstances, any such motion will be made in strict compliance with Local Rules 37-1 and 37-2; the "Confidential," "Highly Confidential," or "Highly Confidential – Patent Prosecution Bar" information may be disclosed if the objecting party fails to move the Court for an appropriate order pursuant to the Local Rules of this district within 21 days of the date of the objecting party's objection. If the objecting party timely files a motion with the court for an appropriate order, the "Confidential," "Highly Confidential," or "Highly Confidential – Patent Prosecution Bar" information may not be disclosed to the designated expert or consultant unless and until the Court denies the producing party's motion. Either party may move the Court for an appropriate order earlier if the circumstances so require, but such expedited request must be made pursuant to the Local Rules of this district.

d. It is understood and agreed that if, pursuant to this Order, a party identifies a person as an expert, no other party shall contact the expert nor subject the expert to discovery to inquire into matters arising within the expert's consultation with the designating party, except as provided by Federal Rule of Civil Procedure 26(b)(4) or by order of the Court.

14. A party shall not be obligated to challenge the propriety of a designation as "Confidential," "Highly Confidential," or "Highly Confidential – Patent Prosecution Bar" at the time made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation objects at any stage of these proceedings with the designation by the designating party or non-party of any information as "Confidential," "Highly Confidential," or "Highly Confidential – Patent Prosecution Bar" the parties and any producing non-party shall first try to resolve such disagreement in good faith, such as by production of redacted copies. If the disagreement cannot be resolved by the parties, the objecting party may move the Court for an order modifying the designated status of such information. Any such motion will be made in strict compliance with Local Rules 37-1 and 37-2. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the challenged designation. The burden of establishing the appropriateness of the designation shall be on the designating party.

15. Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces any Confidential Information without marking it with the legend "Confidential," "Highly Confidential," or "Highly Confidential – Patent Prosecution Bar" or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the exhibit, pleading, discovery response, document or thing, or testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents or things, or transcript testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential

Information. The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein. The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order. In the event of any dispute as to the designation pursuant to this paragraph shall be resolved in accordance with Paragraph 14.

16. Documents and things produced or made available for inspection may be redacted to exclude sensitive information that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, is subject to the attorney-client privilege, work-product immunity, or is protected by a third party's privacy rights. Each such redaction, regardless of size, will be clearly labeled. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

17. If information subject to a claim of attorney-client privilege or work-product is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed. The party returning such information may move the Court for an Order pursuant to Local Rules 37-1 and 37-2,

compelling production of such information, but the motion shall not assert as a ground for production the fact that the information was inadvertently produced.

18. It is not the intention of this Protective Order to fully address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product, nor to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

19. Neither the taking or the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery, nor shall it relieve a party of the necessity of proper responses to discovery requests.

20. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated "Confidential," "Highly Confidential," or "Highly Confidential – Patent Prosecution Bar" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential, proprietary or of a trade secret nature. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

    a. whether any particular information is or is not Confidential Information;

  b. whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

  c. whether any particular information is or is not relevant to any issue in this case, provided that in doing so the party complies with the foregoing procedures.

21. The terms of the Protective Order are applicable to Confidential Information produced and appropriately designated by a nonparty, and Confidential Information produced by a non-party in connection with this litigation may be protected by the remedies and relief provided by the Protective Order. To protect its own Confidential Information, a party may ask a non-party to execute a document in the form of Exhibit A.

22. Unless otherwise ordered or agreed in writing, within one-hundred (100) days after final determination of this litigation, all information designated as Confidential Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file) and documents or information that have been preserved on backup tapes or otherwise not readily accessible media used for disaster recovery purposes, shall, upon request, be returned to the producing party, or disposed of pursuant to the instructions of the producing party. Documents and information that are not returned or destroyed shall continued to be treated in accordance with this Stipulated Protective Order. Final termination shall mean the exhaustion of all time periods for appeal following the entry of judgment or dismissal as to all parties and all claims.

23. This Stipulated Protective Order is without prejudice to the right of a party hereto to seek relief from the Court pursuant to the Local Rules of this district, upon good cause shown, from any of the provisions or restrictions provided herein.

24. By the signature of their attorneys below, the parties agree as between themselves to be immediately and mutually bound by all of the obligations and restrictions applicable to them as set forth herein. The parties further agree that breach or violation of this Stipulated Protective Order, such as through misuse or disclosure of confidential information, could not be adequately remedied by monetary damages. Therefore, the parties agree that injunctive relief (temporary, preliminary, and permanent) to specifically enforce the provisions of this Stipulated Protective Order would be necessary and appropriate in the event of an actual or threatened breach or violation. The parties agree to be bound by the Stipulated Protective Order whether or not the Court enters the Order and, in the event that the Court enters a modified version of this Stipulated Protective Order, the parties agree to bound by the modified version.

Dated: March 25, 2011

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                By   */s/ Steven M. Hanle*
                    STEVEN M. HANLE
                    Attorneys for Plaintiff
                    IMAGINAL SYSTEMATICS, LLC

Dated: March 25, 2011

                HAYNES AND BOONE, LLP

                By   */s/ Kenneth G. Parker*
                    KENNETH G. PARKER
                    Attorneys for Defendants
                    LEGGETT & PLATT, INCORPORATED and
                    SIMMONS BEDDING COMPANY

IT IS SO ORDERED

DATED: 3/31/11

*[signature]*

Suzanne H. Segal
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

RUSSELL B. HILL, Cal. Bar No. 190070
rhill@sheppardmullin.com
STEVEN M. HANLE, Cal. Bar No. 168876
shanle@sheppardmullin.com
Ryan E. Lindsey Cal. Bar No. 235073
rlindsey@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Plaintiff
IMAGINAL SYSTEMATICS, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| IMAGINAL SYSTEMATIC, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LEGGETT & PLATT, INC.; SIMMONS BEDDING COMPANY; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. CV10-07416 RGK (SSx) <br><br> **ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER** |

I, _____, have read and fully understand the Stipulated Protective Order in the above-captioned matter. I agree that I will not disclose any information received by me pursuant to the Stipulated Protective Order, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the

W02-WEST:3SMH1\403128630.2 -18-

jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the Order.

DATED: _____        By:_____