UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07416-RGK (SSx) | Date | April 14, 2011 |
|---|---|---|---|
| Title | IMAGINAL SYSTEMATIC, LLC v. LEGGETT & PLATT, INC. et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion to Transfer Venue (DE 42)

### I.   FACTUAL BACKGROUND

Imaginal Systematic, LLC ("Plaintiff") filed this action on October 4, 2010, against Leggett & Platt, Inc. ("L&P") and Simmons Bedding Company ("Simmons") (collectively "Defendants") for patent infringement.

Plaintiff owns three patents ("Patents"), which describe an automatic stapling machine and its method for manufacturing box spring mattresses. Plaintiff alleges that Defendants directly infringed the Patents.

Plaintiff is an Indiana limited liability company with its principal place of business in Lebanon, Indiana. L&P is a Missouri corporation with its principal place of business in Carthage, Missouri. Simmons is a Delaware corporation with its principal place of business in Atlanta, Georgia.

Presently before the Court is Defendants' Motion to Transfer Venue, pursuant to 28 U.S.C. § 1404(a). Defendants argue that this action should be transferred to the Western District of Missouri ("Missouri") because (1) the action could have been brought in Missouri, and (2) the interests of justice, and the convenience of the parties and witnesses, favor transfer to Missouri.
For the following reasons, the Court **DENIES** Defendants' Motion to Transfer Venue.

### II.   JUDICIAL STANDARD

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer lies within the discretion of the court. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). The court should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07416-RGK (SSx) | Date | April 14, 2011 |
|---|---|---|---|
| Title | IMAGINAL SYSTEMATIC, LLC v. LEGGETT & PLATT, INC. et al. | | |

consider: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a). In determining whether an action might have been brought in another district, the court looks to whether: (1) the other district has subject matter jurisdiction; (2) defendants are subject to personal jurisdiction; and (3) venue is proper. *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). The defendant has the burden of establishing that the action should be transferred and must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Savage*, 611 F.2d at 279; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

### III.    DISCUSSION

The Court finds that while this action could have been brought in Missouri, Defendants have not met their burden of demonstrating that the relevant factors weigh in favor of transferring this action.

As to the first inquiry, the parties do not dispute that this action could have been brought in Missouri. The Court finds that Missouri has personal jurisdiction over Defendants and subject matter jurisdiction over the claim, and venue in Missouri would be proper had Plaintiff originally brought the claim there.

As to the second inquiry, however, the Court finds that Defendants fail to meet their burden of demonstrating that the convenience of the parties and witnesses, and the interest of justice, weigh in favor of transfer.

####    A.    Convenience of the Witnesses

Courts have repeatedly recognized convenience of witnesses as the most important factor in considering a motion to transfer under 28 U.S.C. § 1404(a). *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005); *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). To justify a motion to transfer based on the convenience of witnesses, the "defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them." *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005); *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092–93 (N.D. Cal. 2002).

Defendants argue that the convenience of the witnesses weighs heavily in favor of transferring the action to Missouri because all witnesses are located in Missouri, Florida, or Georgia. (Garrett Decl. ¶¶ 10, 11, 14, 17, 18, 24; Gawlik Decl. ¶¶ 15, 16, 18.) While Defendants name the witnesses they wish to call, Defendants present no evidence of the witnesses' anticipated areas of testimony, the testimony's relevance, or the reasons why litigating this action in California would present a hardship to the witnesses. Defendants therefore fail to make a strong showing that this action should be transferred for the convenience of the witnesses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07416-RGK (SSx) | Date | April 14, 2011 |
|---|---|---|---|
| Title | IMAGINAL SYSTEMATIC, LLC v. LEGGETT & PLATT, INC. et al. | | |

**B.    Convenience of the Parties**

Transfer of an action is not appropriate when it merely shifts, rather than eliminates, the inconvenience between the parties. *Decker Coal*, 805 F.2d at 843.

Defendants argue that the convenience of the parties weighs in favor of transfer to Missouri. Defendants present two arguments why California is more inconvenient to the parties than Missouri: (1) the documentary evidence is located further from California than Missouri; and (2) Plaintiff, L&P, and Simmons each have principal places of business that are further from California than Missouri.

First, Defendants argue California is more inconvenient to the parties because the relevant documentary evidence is located further from California than from Missouri. "[I]f the motion [to transfer] is based on the location of records and documents, the movant must show particularly the location, difficulty of transportation, and the importance of such records." *Bohara*, 390 F. Supp. 2d at 963. The location of documents is generally not a compelling factor, considering the relative ease of shipping documents. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000); *Allstar Mktg. v. Your Store Online, LLC*, 666 F. Supp. 1109, 1133 (C.D. Cal. 2009). With respect to Defendants' argument that the location of documents renders California an inconvenient forum, the only evidence offered in support of this is that the documents relevant to the allegedly infringing machine are located exclusively in Missouri, Florida, and Georgia. (Garrett Decl. ¶¶ 23–24; Gawlik Decl. ¶ 18.) While Defendants demonstrate the importance of such records, Defendants fail to show with particularity the difficulty of transporting records. Therefore, Defendants fail to make a strong showing that California is an inconvenient forum due to the location of relevant documents.

Second, Defendants argue that California is an inconvenient forum because the parties' principal places of business are further from California than Missouri. Only one party, L&P, has its principal place of business in Missouri. (Compl. ¶ 5.) The other two, Plaintiff and Simmons, have their principal places of businesses in Indiana and Georgia, respectively. (Compl. ¶¶ 4, 6.) While it is undisputed that the parties' principal places of business are geographically further from California than Missouri, this does not necessarily render California an inconvenient forum for the parties. Defendants fail to specify why, other than geographical distance, it would be more difficult to transport the parties, witnesses, and documents to California than to Missouri.

The above evidence, without more, is insufficient to demonstrate that transfer to Missouri would eliminate, rather than merely shift to Plaintiff, the alleged inconvenience for the parties. Therefore, Defendants fail to make a strong showing of inconvenience to the parties sufficient to warrant transferring this action to Missouri.

**C.    Interests of Justice**

Interests of justice include concerns, such as having a judge who is familiar with the applicable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07416-RGK (SSx) | Date | April 14, 2011 |
|---|---|---|---|
| Title | IMAGINAL SYSTEMATIC, LLC v. LEGGETT & PLATT, INC. et al. | | |

law, ensuring a speedy trial, and trying related litigation together. *Metz v. U.S. Life. Ins. Co in N.Y.C.*, 674 F. Supp. 2d 1141, 1148–49 (C.D. Cal. 2009); *Allstar Mktg.*, 666 F. Supp. at 1134 (quoting *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). These concerns are unrelated to the underlying action and Defendants present no additional concerns, other than those stated above, that the Court should consider in determining whether this action should be transferred in the interests of justice.

IV.   **CONCLUSION**

In light of the foregoing, the Court **DENIES** Defendant's Motion to Transfer Venue.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | slw/ak | |