Kenneth G. Parker (State Bar No. 182911)
  e-mail: kenneth.parker@haynesboone.com
HAYNES AND BOONE, LLP
18100 Von Karman Ave., Suite 750
Irvine, CA 92612
fax: 949-202-3114
telephone: 949-202-3014

Donald E. Tiller (admitted pro hac vice)
  e-mail: don.tiller@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Ave., Suite 700
Dallas, TX 75219
fax: 214-200-0739
telephone: 214-651-5250

Scott A. Cunning (admitted pro hac vice)
  e-mail: scott.cunning@haynesboone.com
HAYNES AND BOONE, LLP
1615 L Street, NW, Suite 800
Washington, DC 20036
fax: 202-654-4267
telephone: 202-654-4563

Attorneys for Defendants
LEGGETT & PLATT, INCORPORATED AND
SIMMONS BEDDING COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IMAGINAL SYSTEMATIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEGGETT & PLATT, INC.; SIMMONS BEDDING COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV10-07416 RGK (SSx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] |

## GOOD CAUSE STATEMENT

On July 6, 2011, the Court conducted a discovery hearing to determine, *inter alia*, whether Leggett & Platt, Inc. ("Leggett") should be required to produce the following documents:

> DOCUMENTS sufficient to establish revenues and profits from the sale of SEMIFLEX BOX SPRING MODULES, staples, foundations or other box spring components which are compatible with the TOPOFF MACHINES OR METHODS, including without limitation documents sufficient to establish gross and net sales price and cost of goods sold.

("RFP 33 Information").

Leggett asserts that its profits figures and any other figures that might allow its competitors, clients, or others to determine its profits from the sale of such components are some of its most sensitive confidential business information, and that release of this information would severely harm Leggett's business interests and put Leggett at a competitive disadvantage. Leggett presented to this Court the Declaration of Perry Davis (Docket No. 68-5) to support its claims of the sensitive nature of the documents. The Court ruled as follows:

> [T]he Court finds that the requested information is relevant under Rule 26's broad definition of relevance and that Leggett's confidentiality concerns can be addressed through an appropriate protective order. Accordingly, the parties are directed to meet and confer within two business days of the date of this order with the purpose of drafting a stipulated protective order designed to provide heightened protection to these extremely sensitive documents.

(Docket No. 94, p. 9.)

The parties agree and the Court finds that adoption of and adherence to this Protective Order will facilitate an orderly and cost-effective discovery process and

preparation for trial or settlement and that the Confidential Information addressed herein will not be used for any purpose that is not directly related to this litigation. Accordingly, good cause exists for the entry of this protective order, and it is hereby entered by the Court.

IT IS HEREBY ORDERED that:

1. Based on a good faith belief that the information is highly confidential, and responsive to RFP 33, Leggett may designate an exhibit; pleading; interrogatory answer; or admission (collectively "discovery response"); document or thing; or a deposition transcript; other transcript of testimony; or declaration or affidavit (collectively "testimony") "Highly Confidential – RFP 33".

2. Notwithstanding the foregoing, this Order shall not apply to information that, before such disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legally acquired from a source not subject to this Order.

3. In connection with an exhibit, pleading, discovery response, document; or thing, testimony or other court submission, the legend "Highly Confidential – RFP 33" shall be affixed before the production or service upon a party.

4. "Highly Confidential – RFP 33 Information" disclosed or discussed at a deposition or other testimony, including exhibits, may be designated as "Highly Confidential – RFP 33" at the time of the testimony or deposition and shall be subject to the provisions of this Order. Whenever any Highly Confidential – RFP 33 Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such confidential information pursuant to the terms of this Order. If Highly

Confidential – RFP 33 Information is disclosed or discussed at a deposition, the following legend shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape):

> Contains HIGHLY CONFIDENTIAL – RFP 33 INFORMATION.  Designated parts not to be used, copied or disclosed except as authorized by Court Order or by the party or parties whose HIGHLY CONFIDENTIAL – RFP 33 INFORMATION is included.

5. Material designated as "Highly Confidential – RFP 33" shall be treated as Highly Confidential Information pursuant to the Protective Order entered in this action on March 31, 2011 (Dkt. 61), except that the following additional restrictions on use of such information shall apply:

   a. Such material may be disclosed or made available to Trial Counsel (*see* Dkt. 61 ¶ 9); independent experts or consultants retained by Trial Counsel (*see* Dkt. 61 ¶¶ 11.b, 13); agents of Trial Counsel (Dkt. 61 ¶ 11.d); court reporters or videographers conducting a deposition; and any other person as to whom the parties agree in writing only.

   b. Such material may not be disclosed or made available to any other individuals including Plaintiff's designated officer or in-house counsel (Dkt. 61 ¶ 11.a) absent further order of the Court.

6. Any independent expert or consultant retained by Trial Counsel, agents of Trial Counsel, or any other person to whom the parties agree in writing having access to Highly Confidential – RFP 33 Information shall be given a copy of this Order before being shown such information, and its provisions shall be explained to them by an attorney.  Each person, before having access to such information, shall

W02-WEST:3SMH1\403128630.1               -4-

acknowledge in writing his or her obligation to be bound by the terms of this Order by signing a document in the form of Exhibit A attached hereto.

7. The Court hereby orders that, absent further order of the Court, documents designated as containing Highly Confidential – RFP 33 Information shall not be filed in the public records of the Court, and if filed, shall only be filed under seal.

8. If Plaintiff intends to file Highly Confidential – RFP 33 Information with the Court based on a good faith belief that such information is relevant to an issue to be decided by the Court, it shall give Leggett written notice of the information it intends to file three business days in advance of such filing. Within two business days of such notice, Leggett shall provide to plaintiff an appropriate ex parte application in accordance with Local rule 79-5 and other applicable authority requesting that documents containing Highly Confidential – RFP 33 Information be filed under seal. Plaintiff shall include in such ex parte application its position regarding the filing of such information under seal, and shall consent to such filing under seal unless counsel for Plaintiff has a good faith belief that the filing of such information under seal would promote an injustice or be contrary to law. The ex parte application shall reference the following order of the Court:

> Pursuant to the Court's order dated 8/2/11 ~~[date of this order]~~, and absent further order of the Court, documents designated by the parties to contain Highly Confidential – RFP 33 Information shall not be filed in the public records of the Court, and if filed, shall only be filed under seal. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

9. The parties agree that breach or violation of this Stipulated Protective Order, such as through misuse or disclosure of confidential information, could not be adequately remedied by monetary damages alone. Therefore, the parties agree that injunctive relief (temporary, preliminary, and permanent) to specifically enforce

the provisions of this Stipulated Protective Order would be necessary and appropriate in the event of an actual or threatened breach or violation. This remedy will not prejudice Leggett's right to seek any additional remedy whether in the form of monetary damages or other injunctive relief such as justice may require.

10. This Stipulated Protective Order is without prejudice to the right of a party hereto to seek relief from the Court pursuant to the Local Rules of this district, upon good cause shown, from any of the provisions or restrictions provided herein.

11. By the signature of their attorneys below, the parties agree as between themselves to be immediately and mutually bound by all of the obligations and restrictions applicable to them as set forth herein. The parties agree to be bound by the Stipulated Protective Order whether or not the Court enters the Order and, in the event that the Court enters a modified version of this Stipulated Protective Order, the parties agree to bound by the modified version.

Dated: July __, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
STEVEN M. HANLE
Attorneys for Plaintiff
IMAGINAL SYSTEMATICS, LLC

Dated: July __, 2011

HAYNES AND BOONE, LLP

By _____
KENNETH G. PARKER
Attorneys for Defendants
LEGGETT & PLATT, INCORPORATED and
SIMMONS BEDDING COMPANY

1 | IT IS SO ORDERED

2 | DATED: 8/2/11

*Suzanne H. Segal*
Suzanne H. Segal
UNITED STATES MAGISTRATE JUDGE

28 | W02-WEST:3SMH1\403128630.1

-7-